UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL R. BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:16-cv-613-WTL-TAB |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Michael R. Bishop requests judicial review of the final decision of Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") and Supplemental Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court rules as follows.

## I. PROCEDURAL HISTORY

Bishop filed his application for DIB and SSI in January 2013, alleging disability beginning on July 7, 2012, due to neck problems, back problems, arthritis, and tennis elbow. His application was denied initially and upon reconsideration, whereupon he requested and was granted a hearing before an administrative law judge ("ALJ"). Bishop was represented by counsel at the hearing, which was held on October 23, 2014, before ALJ Julia D. Gibbs. Bishop and a vocational expert testified at the hearing. Thereafter, on November 14, 2014, the ALJ

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

rendered her decision in which she concluded that Bishop was not disabled as defined by the Act. After the Appeals Council denied Bishop's request for review of the ALJ's decision, he filed this timely action for judicial review.

## II. **APPLICABLE STANDARD**

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[2] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20

---

[2]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Id.*

### III. THE ALJ'S DECISION

The ALJ found at step one that Bishop had not engaged in substantial gainful activity since his alleged onset date of July 7, 2012. At steps two and three, the ALJ found that Bishop had the severe impairments of degenerative disc disease with radiculopathy, generalized osteoarthritis involving multiple sites, and tendonitis of the elbow, but that his impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Bishop had

> the residual functional capacity to perform work at a light level of exertion (as defined in 20 CFR 404.1567(b) and 416.967(b)) that can be done either sitting or standing and thus allows the claimant to alternate between the two positions every thirty minutes without leaving the work site or discontinuing work activity; and

> that does not require the following: working above shoulder level, or more than frequent use of the hands for fingering and grasping.

R. at 21. Given this residual functional capacity ("RFC"), the ALJ determined that Bishop was not able to perform his past relevant work as a manager, mechanic, or small engine mechanic. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Bishop could perform, including wiring assembler, electronics worker, and counter clerk. Accordingly, the ALJ concluded that Bishop was not disabled as defined by the Act.

## IV. **DISCUSSION**

The evidence of record is aptly set forth in the ALJ's decision and Bishop's brief. Specific facts are set forth below where relevant.

Bishop argues that the ALJ erred at step 3 by failing adequately to explain her finding that his condition did not meet or equal Listing 1.04. The Court agrees.

> If a claimant has an impairment that meets or equals an impairment found in the Listing of Impairments, a claimant is presumptively eligible for benefits. 20 C.F.R. § 404.1520(d). "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than perfunctory analysis of the listing." *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir.2004). The Listings specify the criteria for qualifying impairments. *Id.* (citing 20 C.F.R. § 404.1525(a)). A claimant may also satisfy a Listing by showing that his impairment is accompanied by symptoms that are equal in severity to those described in the Listing. 20 C.F.R. § 404.1526. A finding of medical equivalence requires an expert's opinion on the issue. *Barnett,* 381 F.3d at 670.

*Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). The entirety of the ALJ's discussion of Listing 1.04 is as follows:

> The undersigned has considered the requirements of listing sections 1.02, Major dysfunction of a joint(s) (due to any cause) and 1.04, Disorders of the spine, but the medical evidence is not at a level of severity that satisfies the requirements of either of those listing sections. In particular, the undersigned does not find evidence of ineffective ambulation, within the meaning of listing 1.00B2b.

R. at 20.  This might have been sufficient if Listing 1.04 required ineffective ambulation, but it does not.  Rather, Listing 1.04(A) can be satisfied without ineffective ambulation, and the ALJ failed to give any other reason why she believed Listing 1.04 was not met.  Therefore, "[t]his is the very type of perfunctory analysis we have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing."  *Minnick*, 775 F.3d at 935-36 (citations omitted).

The Commissioner argues that "the ALJ relied on the conclusions of two state agency medical consultants to reach her finding that Plaintiff did not meet or equal Listing 1.04 (Tr. 25-26)."  However, in *Minnick*, the district judge noted that

> In support of his conclusion, the ALJ stated that he relied upon the findings of "the medical consultants who reviewed the case at the initial and reconsideration levels," Dr. Sands and Montoya, both of whom concluded that Plaintiff did not meet or medically equal any listing impairment.

*Minnick v. Colvin*, 2013 WL 5436863 at *6 (N.D. Ind. Sept. 27, 2013).  The Seventh Circuit nevertheless reversed and remanded, finding the ALJ's "perfunctory" analysis to be insufficient.  The Commissioner's argument conflates the requirement that there be medical opinion evidence in the record to support a finding of non-equivalence and the requirement that the ALJ adequately articulate her reasons for her step 3 finding.  Because the latter did not occur in this case, remand is required.[3]

Further, as Bishop notes, it is not at all clear from the record that the state agency doctors reviewed the findings from his MRI when making their determinations, even though the MRI was conducted prior to their review.  The MRI results are not specifically listed as evidence

---

[3]This error would be harmless if Bishop were unable to point to evidence that suggests that his condition could meet or equal the listing.  That is not the case, however.

5

reviewed by the state agency doctors, and neither doctor references the results in his report. Because the MRI results are crucial to a determination of whether Listing 1.04 is met or equaled, it is not clear that the record contains the requisite medical expert opinion, based on all relevant evidence, that Bishop's condition does not equal a listing. This, too, must be corrected on remand.

## V. **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 8/30/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification